■   Iniskia Johnson, Appellant, v. City of Newburgh, Defendant, and City of Philadelphia, Respondent.— In an action to recover damages for false arrest, false imprisonment, intentional infliction of mental distress, and malicious prosecution, plaintiff appeals (1) from an order of the Supreme Court, Orange County, dated November 1, 1973, which granted the separate motions of defendants to dismiss the action, and (2) as limited by her brief, from so much of a further order of the same court dated March 11, 1974 as, after ordering the above-mentioned determination recalled and denying the above-mentioned motion by defendant the City of Newburgh, dismissed the complaint against defendant the City of Philadelphia upon the ground that the court lacked personal judisdiction of said defendant. Appeal from the order dated November 1, 1973 dismissed as academic. This order was vacated by the order of March 11, 1974. Order dated March 11, 1974 reversed insofar as appealed from and motion of defendant the City of Philadelphia denied. The time within which said defendant may answer the complaint is extended until 20 days after entry of the order to be made hereon. Appellant is awarded $20 costs and disbursements to cover both appeals. Viewing the allegations of the complaint in a light most favorable to plaintiff, as we must, it is clear that a cause of action has been set forth against defendant the City of Philadelphia for the commission by it of a tortious act within New York State. Thus, under CPLR 302 (subd. [a], par. 2), this State has personal jurisdiction of that defendant. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.