■ ED MOORE ADVERTISING AGENCY, INC., Appellant, v I.H.R., INC., Respondent.—In an action, *inter alia,* to recover damages resulting from an alleged fraudulent transfer of assets, plaintiff appeals from an order of the Supreme Court, Nassau County (Pantano, J.), dated May 11, 1984, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Order reversed, with costs, motion to dismiss denied, and plaintiff's amended complaint reinstated. Defendant's time to serve its answer to plaintiff's amended complaint is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

The instant action involves plaintiff's attempt to recover a $23,005 balance of an outstanding judgment obtained by it in

February 1982 against Mirage Restaurant Inc. (Mirage), a New York corporation located in Nassau County. According to plaintiff, sometime prior to the date of said judgment, Mirage transferred without consideration its assets having a total value exceeding $35,000 and including certain promissory notes, to Heavenly Father, Inc. (Heavenly Father), a New York corporation also located in Nassau County. This transfer purportedly caused Mirage to become insolvent. Plaintiff further alleges that subsequent to the date of its judgment against Mirage, Heavenly Father transferred its assets, consisting of the balance on the aforesaid promissory notes in the amount of $26,570.04, to the defendant, a California corporation. This transfer occurred in February or May 1982 and was allegedly made for no consideration. According to plaintiff, Heavenly Father did not transact any business other than participate in the subject asset transfers, and, as a result of the second transfer, Heavenly Father was rendered insolvent.

Plaintiff instituted the instant action against the defendant seeking to recover monetary damages in the amount of $23,-005 plus interest, representing the outstanding balance of its judgment against Mirage, or, in the alternative, to set aside as fraudulent the assignment of Heavenly Father's assets to defendant. Defendant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. In support of said motion, defendant's president averred that the corporation, which was incorporated in California in February 1982, does not maintain an office in the State of New York nor does it transact any business within the State.

In an opposing affirmation, plaintiff's counsel asserted that the defendant corporation was subject to the court's long-arm jurisdiction pursuant to CPLR 302 (a) (2) as a result of the corporation's participation in the fraudulent transfer of assets from New York to California, which transfer effectively nullified plaintiff's attempts to collect on its judgment against Mirage. In support of his allegations of fraudulent conduct, plaintiff's counsel emphasized that both asset transfers were made without consideration. Moreover, counsel pointed out that each of the corporations involved in the subject series of asset transfers was a "one-woman" corporation and that the wife of the senior partner of the defendant's counsel herein was the sole stockholder of Mirage. Finally, it was noted that defendant's counsel herein represented both Mirage and Heavenly Father in separate prior actions instituted against them by plaintiff in an attempt to collect on its judgment against Mirage.

Special Term granted defendant's motion to dismiss pursuant to CPLR 3211 (a) (8), stating that plaintiff had failed to demonstrate "the existence of such contacts with the State of New York as would render defendant amenable to process under CPLR 302". We disagree.

Viewing the allegations of the complaint in the light most favorable to plaintiff *(see, Johnson v City of Newburgh,* 46 AD2d 663), we conclude that plaintiff has set forth sufficient facts to warrant the exercise of the court's long-arm jurisdiction over defendant (CPLR 302 [a] [2]). Plaintiff charges that each of the subject transfers of assets occurred without consideration and that defendant committed fraud by acting with Heavenly Father to fraudulently place Mirage's assets beyond its creditors' reach *(see,* Debtor and Creditor Law § 273-a). These allegations thrust upon the defendant the burden of disclosing what consideration, if any, it gave to Heavenly Father in exchange for the latter's assets *(see, Neilson v Sal Martorano, Inc.,* 36 AD2d 625; *Petretti v Finnigan,* 68 Misc 2d 1007; *Republic Ins. Co. v Levy,* 69 Misc 2d 450). Although the written assignment between Heavenly Father and the defendant recites that "valuable consideration" was given, the affidavit of defendant's president submitted in support of the motion to dismiss fails to disclose what consideration was actually exchanged. In fact, defendant's president did not in any way controvert plaintiff's allegations of lack of consideration. Given the defendant's failure to make such a disclosure and in view of the circumstances surrounding the asset transfers which suggest collusion among the three corporations in an effort to place Mirage's assets beyond plaintiff's reach, the defendant's motion to dismiss should have been denied since the facts as alleged tend to prove the latter's participation in tortious conduct within New York *(see,* CPLR 302 [a] [2]; *Nielson v Sal Martorano, Inc., supra,* at p 626; *see also, Ghazoul v International Mgt. Servs.,* 398 F Supp 307). Parenthetically it is noted that while we find that plaintiff has presented sufficient evidence to support a finding of tortious conduct within the State in order to withstand a motion to dismiss under CPLR 3211 (a) (8), " '[t]he parties are not bound by the court's jurisdictional findings of fact when the case comes to trial on the merits' " *(Ghazoul v International Mgt. Servs., supra,* at p 309).

We find that service of the amended complaint by plaintiff prior to Special Term's order dismissing the action was timely under CPLR 3025 (a); 3211 (f), and thus did not require leave of court. Accordingly, plaintiff's amended complaint is hereby

reinstated. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.