■ V.R.W., INC., Appellant-Respondent, v JOEL WEISS, Respondent-Appellant, and MORRIS WEIDER et al., Respondents.— In an action, inter alia, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 23, 1985, as denied those branches of its motion which sought an order pursuant to CPLR 3211 (b) dismissing the affirmative defenses of the defendants Joel Weiss and Morris Weider and an order granting the plaintiff summary judgment against the same defendants on its first and fourth causes of action, and the defendant Joel Weiss cross-appeals from so much of the same order as denied his cross motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Order modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which sought dismissal of the defendant Weider's first affirmative defense and substituting therefor a provision granting said branch of the motion. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Material and triable issues of fact remain to be determined. Therefore, Special Term properly denied summary judgment (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). The viability of the defendant Weiss's affirmative defenses rests on the same issues of fact, such that that branch of the plaintiff's motion which sought dismissal of these defenses was also correctly denied.

However, Special Term should have granted that branch of

the plaintiff's motion which sought dismissal of the defendant Weider's affirmative defense of lack of personal jurisdiction. The plaintiff's cause of action against the defendants Weiss and Weider arose out of their role in cashing and receiving the proceeds of a check drawn by the plaintiff. Weider, a nondomiciliary, flew to New York with the check after being unable to cash it in his home State. In successfully completing the transaction here, he purposely availed himself of the privilege of conducting activities within the State. This single transaction, out of which the cause of action arose, was sufficient to confer long-arm jurisdiction over him under CPLR 302 *(see, Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 452, *cert denied sub nom. Estwing Mfg. Co. v Singer,* 382 US 905).* Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.