■ PHYLLIS F. CATAURO, Respondent, v GOLDOME BANK FOR SAVINGS, Defendant, and STEPHEN S. LEFRAK, Appellant.—In an action, *inter alia,* to recover damages for conversion, the defendant Stephen S. Lefrak appeals from so much of an order of the Supreme Court, Westchester County (Coppola, J.), dated November 20, 1990, as denied his motion to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging, *inter alia,* that the appellant Stephen S. Lefrak used a power of attorney to withdraw all the moneys on deposit in a joint account she had maintained in a New York bank with Lefrak's late father, Israel Lefrak. The appellant was served with the summons and complaint in St. Louis, Missouri. Thereafter, he moved to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction. In his affidavit, the appellant, a Missouri resident, acknowledged that he called the New York bank from Missouri and inquired as to the procedure for closing the account and withdrawing the funds. He stated further that he mailed letters to the bank, enclosing the bankbook and the power of attorney. Thereafter, he received the money on deposit by check in Missouri. The court denied his motion. We affirm.

CPLR 302 (a) (1) provides that a court may exercise personal jurisdiction over any nondomiciliary who in person or through an agent "transacts any business within the state or contracts anywhere to supply goods or services in the state". "It is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the appellant never enters New York, so long as the [appellant's] activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467; *see also, Reiner & Co. v Schwartz,* 41 NY2d 648, 651-652). Whether an appellant has engaged in sufficient purposeful activity to confer jurisdiction in New York requires an examination of the totality of the circumstances *(see, Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632; *Aero-Bocker Knitting Mills v Allied Fabrics Corp.,* 54 AD2d 647). Based upon the totality of the circumstances, we find that the appellant's conduct represented purposeful activity in New York sufficient to confer personal jurisdiction over him *(see, Matter of Casey,* 145 AD2d 632; *V.R.W., Inc. v Weiss,* 118 AD2d 567; *Rothschild, Unterberg, Towbin v Thompson,* 78 AD2d 795; *Bankers Trust Co. v Santos O. Suarez V.,* 526 F Supp 1262).

In light of our determination, it is unnecessary to consider whether the court also properly invoked personal jurisdiction based upon CPLR 302 (a) (3) (i). Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.