■ MULTI-MODAL INTERNATIONAL, INC., Respondent, v ANGLIA NORTH AMERICA, INC., et al., Defendants, and ANGLIA AIR FREIGHT, LTD., Appellant. [643 NYS2d 600] —In an action, *inter alia,* to recover damages for tortious interference with a contract, the defendant Anglia Air Freight, Ltd., appeals from an order of the Supreme Court, Queens County (Lane, J.), dated March 3, 1995, which denied its motion to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

New York's long-arm statute, CPLR 302, authorizes a court to exercise jurisdiction over a nondomiciliary for tort and contract claims arising from a defendant's transaction of business within this State (*see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). The statute permits long-arm jurisdiction to be exercised over a defendant as long as that defendant's activities in New York were purposeful, and there is a substantial relationship between the transaction and the claim asserted (*Kreutter v McFadden Oil Corp., supra; Catauro v Goldome Bank For Sav.,* 189 AD2d 747). Whether a defendant has engaged in sufficient purposeful activity in New York to confer jurisdiction in this State requires an examination of the "totality of the circumstances" (*Catauro v Goldome Bank For Sav., supra,* at 748). Contrary to the appellant's contention, an examination of the record reveals that it conducted purposeful business activities within this State, and that there is a substantial relationship between its transactions and the claims asserted. Accordingly, the Supreme Court properly denied the appellant's motion to dismiss the action for lack of personal jurisdiction (*see,* CPLR 302 [a] [1]; *Catauro v Goldome Bank For Sav., supra; see also,* CPLR 302 [a] [3] [ii]). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.