■ Barbara Corpuel et al., Respondents, v Peter Galasso et al., Defendants, and Gemstone Associates, Ltd., et al., Appellants. [701 NYS2d 32] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered August 17, 1998, which, to the extent appealed from as limited by the brief, denied that branch of defendants' motion pursuant to CPLR 3211 (a) seeking to dismiss the complaint as against defendant Margaret Devlin and various defendant entities situated in Texas for lack of personal jurisdiction, unanimously affirmed, with costs.

In the context of defendants' motion seeking to dismiss the complaint against certain defendants situated in Texas upon the ground that those defendants are not subject to the jurisdiction of New York courts, plaintiffs' allegations that transfers of assets to the Texas defendants occurred without consideration, and that the Texas defendants committed fraud by acting with others to place defendant judgment debtor's assets beyond plaintiff judgment creditors' reach, were sufficient to impose a burden upon defendants to show what consideration, if any, was given in exchange for the transferred assets (*see*, *Moore Adv. Agency v I.H.R., Inc.*, 114 AD2d 484). In view of defendants' failure to make such showing, the IAS Court properly accepted the allegations of plaintiffs' complaint as true, and found, for purposes of deciding the motion, that defendants had committed a tortious act within the State, and are thus subject to the jurisdiction of this State's courts, pursuant to CPLR 302 (a) (2).

We have considered defendants' remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.