■ Asenath Atwal, Respondent, v Amarjit Atwal et al., Defendants, and C.A. Trust, a California Trust, Appellant.
[807 NYS2d 776]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered March 18, 2005. The order denied the motion of defendant C.A. Trust, a California Trust, to dismiss the complaint against it based upon lack of personal jurisdiction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to Debtor and Creditor Law article 10 seeking judgment setting aside allegedly fraudulent conveyances made by Amarjit Atwal (defendant). By one of those conveyances, defendant transferred his 99% interest in a New York limited liability company that owns real property in New York to defendant C.A. Trust, a California Trust (C.A. Trust). Supreme Court properly denied the motion of C.A. Trust seeking dismissal of the complaint against it based upon lack of personal jurisdiction (see CPLR 3211 [a] [8]). Long-arm jurisdiction may be exercised over a nondomiciliary that "transacts any business within the state" (CPLR 302 [a] [1]; see *Catauro v Goldome Bank for Sav.*, 189 AD2d 747, 748 [1993]). CPLR 302 (a) (1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though [C.A. Trust] never enter[ed] New York, so long as [C.A. Trust's] activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460,

467 [1988]). Based upon the totality of the circumstances, we conclude that the acquisition by C.A. Trust of defendant's 99% interest in the limited liability company was purposeful activity that constitutes the transaction of business in New York (*see Black Riv. Assoc. v Newman*, 218 AD2d 273, 279-281 [1996]; *Catauro*, 189 AD2d at 748). We further conclude that the participation by C.A. Trust in the allegedly fraudulent conveyance warrants the exercise of long-arm jurisdiction pursuant to CPLR 302 (a) (2) as well (*see Corpuel v Galasso*, 268 AD2d 202 [2000]; *Ed Moore Adv. Agency v I.H.R., Inc.*, 114 AD2d 484, 485-486 [1985]; *Morgenthau v A.J. Travis Ltd.*, 184 Misc 2d 835, 843 [2000]). Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.