Order, Supreme Court, New York County (Herman Cahn, J.), entered September 19, 2007, which, inter alia, granted the motion of plaintiffs CIBC Mellon Trust Co. and Chrysler Canada, Inc. to dismiss certain affirmative defenses of defendants HSBC Guyerzeller Bank AG, Mora Hotel Corp. N.V and Chascona N.V, unanimously modified, on the law, to reinstate Guyerzeller’s sixth affirmative defense, and otherwise affirmed, without costs.
Order, same court and Justice, entered September 5, 2007, which granted plaintiffs’ motion to confirm a special referee’s report and denied the motion of defendants Paolo Cavazza and Chinablue Investments, S.A. to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.
In a prior proceeding before the English courts, plaintiff Chrysler alleged that it was defrauded into investing a significant portion of its pension fund assets in Castor Holdings, Inc., which was later revealed to be a Ponzi scheme. Default judgments against defendants Mora and Chascona were entered in the English proceeding and were subsequently recognized in this State (see CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81 [2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]). Chrysler thereafter sought to enforce its judgment lien against assets held by the debtors in New York, in particular, the Hotel Gorham, which was jointly owned and operated by Mora and Chascona. However, the hotel is subject to a prior existing mortgage lien in favor of defendant Guyerzeller. Chrysler contends that the normal lien priority should be *308 subverted because the mortgage was a device to shield Mora and Chascona from their judgment creditors in the underlying Castor Holdings case, was an unnecessary “double encumbrance,” because the mortgagee had available at all times a counterbalance in its English bank securing the same loan, and was otherwise improperly procured and maintained.
The affirmative defense of unclean hands asserted by Mora and Chascona is barred by res judicata, because Mora and Chascona were parties to the English proceeding, in which they chose to default rather than to litigate the issue of Chrysler’s alleged complicity in the Castor Holdings scheme (see Robbins v Growney, 229 AD2d 356 [1996]; Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc., 899 F Supp 1248, 1254 [SD NY 1995], affd 104 F3d 352 [2d Cir 1996]).
Guyerzeller’s affirmative defense of unclean hands should not have been dismissed. While the parties dispute whether the doctrine of unclean hands can be applied to a transfer to avoid creditors’ claims where there is no allegation of injury (compare Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 316 [1956], with Jossel v Meyers, 212 AD2d 55, 58 [1995]), Guyerzeller adequately alleged injury insofar as it asserted that it never would have funded the mortgage transaction had it known of the alleged Castor Holdings fraud and that it will be injured to the extent it loses its secured priority. Chrysler contends that application of the unclean hands doctrine is not warranted because its conduct with respect to Castor Holdings was entirely separate from the mortgage transaction, in which it had no involvement (see Weiss, 1 NY2d at 316). However, Chrysler alleges that the mortgage transaction was designed to conceal the fruits of the Castor Holdings fraud and to hide Mora’s and Chascona’s assets, procured through that fraud, from creditors, in light of the proceedings pending in the English court. Thus, Guyerzeller adequately alleged a relation between Chrysler’s conduct with respect to Castor Holdings and the mortgage transaction.
The contention of defendants Cavazza and Chinablue that they are beyond the long-arm jurisdiction of the courts of this State is belied by the record, which demonstrates that Cavazza and Chinablue engaged in purposeful activity in New York by investing in a New York hotel business and obtaining a mortgage on New York property (see CPLR 302 [a] [1]; Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]; CPLR 302 [a] [4]; 5-Star Mgt., Inc. v Rogers, 940 F Supp 512, 516-517 [ED NY 1996]). Moreover, the amended complaint alleges that Cavazza and Chinablue participated in a fraudulent conveyance of a *309 New York property interest, acting with and through their New York coconspirators, to create and convey an unnecessary $10.2 million mortgage interest to Guyerzeller; that the conveyance was made with intent to hinder legitimate creditors such as Chrysler, at a time when Mora and Chascona were aware that creditors would likely seek to recover their assets; that it involved the use of dummy corporations and intermediaries; and that the consideration was inadequate because Cavazza and Chinablue received both a $10.2 million debt position and a $10.2 million equity interest in exchange for a single $10.2 million payment. These allegations establish prima facie that Cavazza and Chinablue committed a tortious act within the state (see CPLR 302 [a] [2]; Banco Nacional Ultramarino v Chan, 169 Misc 2d 182 [1996], affd 240 AD2d 253 [1997]; Neilson v Sal Martorano, Inc., 36 AD2d 625 [1971]; Ed Moore Adv. Agency v I.H.R., Inc., 114 AD2d 484 [1985]). Concur— Tom, J.P, Mazzarelli, Saxe, Nardelli and Buckley, JJ.