■ Sylvia Weitz, Respondent, v Melvin Weitz et al., Defendants, and Ellen Weitz et al., Appellants. [926 NYS2d 305]—

In an action, inter alia, to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law article 10, Ellen Weitz, Ellen Weitz as Grantor and Trustee of the Melen Trust, and Ellen Weitz as Grantor and Trustee of the LaSalle Trust, appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered February 3, 2010, as denied her motion, inter alia, to dismiss the complaint insofar as asserted against her in all of her capacities on the grounds of lack of personal jurisdiction and forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to her contentions, the defendant Ellen Weitz (hereinafter Ellen) is subject to the personal jurisdiction of the New York courts in this action in all of her capacities. In opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court (*see Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]). The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in

the light most favorable to the plaintiff, and all doubts are to be resolved in her favor (*see Brandt v Toraby*, 273 AD2d 429, 430 [2000]).

Here, the plaintiff made a prima facie showing that Ellen committed a tortious act within the state and is therefore subject to the personal jurisdiction of the court pursuant to CPLR 302 (a) (2). In particular, the plaintiff alleges a fraudulent transfer of assets originally located in New York, which places the tortious conduct in New York and warrants jurisdiction over Ellen as an alleged participant in that conduct (*see Liberty Co. v Boyle*, 272 AD2d 380 [2000]; *Ed Moore Adv. Agency v I.H.R., Inc.*, 114 AD2d 484 [1985]; *Neilson v Sal Martorano, Inc.*, 36 AD2d 625 [1971]).

Contrary to Ellen's contentions, exercising jurisdiction over her comports with due process. The plaintiff has shown that Ellen has at least "minimum contacts" with New York "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " (*International Shoe Co. v Washington*, 326 US 310, 316 [1945], quoting *Milliken v Meyer*, 311 US 457, 463 [1940]; *see Asahi Metal Industry Co. v Superior Court of Cal., Solano Cty.*, 480 US 102, 113 [1987]). Ellen has failed to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable (*see Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 248 [2005]).

The Supreme Court properly declined to stay or dismiss this action pursuant to CPLR 327 and the doctrine of forum non conveniens (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Bock v Rockwell Mfg. Co.*, 151 AD2d 629, 630 [1989]).

The parties' remaining contentions are without merit. Prudenti, P.J., Eng, Hall and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30274(U).]**