■ NORMAN NICK, Individually and as President of The Ashley Group, et al., Appellants, et al., Plaintiff, v JOEL C. SCHNEIDER, ESQ., et al., Defendants, and IRWIN N. SCHNEIDER, Respondent. [56 NYS3d 210]—

In an action, inter alia, to recover damages for fraud, the plaintiffs Norman Nick, individually, and as President of The Ashley Group, and The Ashley Group appeal from (1) an order of the Supreme Court, Nassau County (Driscoll, J.), entered December 8, 2014, which granted the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him, (2) an order of the same court dated July 17, 2015, which denied the plaintiffs' motion for leave to renew and reargue their opposition to the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him, and (3) so much of an order of the same court entered October 29, 2015, as denied the plaintiffs' motion for leave to renew their opposition to the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him.

Ordered that the appeal from so much of the order dated July 17, 2015, as denied that branch of the plaintiffs' motion which was for leave to reargue their opposition to the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered December 8, 2014, is reversed, on the law, and the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him is denied; and it is further,

Ordered that the appeal from so much of the order dated July 17, 2015, as denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him is dismissed as academic; and it is further,

Ordered that the appeal from so much of the order entered October 29, 2015, as denied the plaintiffs' motion for leave to renew their opposition to the defendant Irwin N. Schneider's motion to dismiss the complaint insofar as asserted against him is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

This case arises from an alleged scheme by the defendants to defraud investors and use the investment money for personal expenses. The plaintiffs, who allegedly were defrauded in this scheme, commenced this action against Irwin N. Schneider (hereinafter the defendant), Joel C. Schneider, Esq. (hereinafter Joel), the Estate of Herbert H. Sommer, Esq., and Sommer & Schneider PA (hereinafter Sommer & Schneider). The defendant, a Florida domiciliary, is Joel's father, and Sommer & Schneider is Joel and Herbert H. Sommer's New York law firm.

The defendant moved to dismiss the complaint insofar as asserted against him on the ground that the court lacked personal jurisdiction over him, as he resided in Florida and did not transact business in New York. In an order entered December 8, 2014, the Supreme Court granted the defendant's motion to dismiss the complaint insofar as asserted against him. The plaintiffs then moved for leave to renew and reargue their opposition to the defendant's motion to dismiss. In an order dated July 17, 2015, the court denied the motion. The plaintiffs then moved a second time for leave to renew their opposition to the defendant's motion to dismiss. In an order entered October 29, 2015, the court denied the motion. The plaintiffs Norman Nick, individually, and as President of The Ashley Group, and The Ashley Group (hereinafter together the appellants) appeal from those three orders.

"Upon a CPLR 3211 (a) (8) motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction" (*America/Intl. 1994 Venture v Mau*, 146 AD3d 40, 51 [2016] [internal quotation marks omitted]). "However, to successfully oppose such a motion, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court" (*id.* at 51; *see Chen v Guo Liang Lu*, 144 AD3d 735, 736 [2016]). The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff (*see Weitz v Weitz*, 85 AD3d 1153, 1153-1154 [2011]).

"[A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). "The CPLR 302 (a) (1) jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions"

(*Rushaid v Pictet & Cie*, 28 NY3d 316, 323 [2016]; *see Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *America/Intl. 1994 Venture v Mau*, 146 AD3d at 52). As to the "sufficient activities" requirement, " 'jurisdiction is proper . . . so long as the defendant's activities here were purposeful' " (*Rushaid v Pictet & Cie*, 28 NY3d at 323, quoting *Fischbarg v Doucet*, 9 NY3d at 380). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Fischbarg v Doucet*, 9 NY3d at 380 [internal quotation marks omitted]). "To satisfy the second prong of CPLR 302 (a) (1) that the cause of action arise from the contacts with New York, there must be an articulable nexus . . . or substantial relationship . . . between the business transaction and the claim asserted" (*Rushaid v Pictet & Cie*, 28 NY3d at 329 [internal quotation marks omitted]). "This inquiry is relatively permissive, and does not require causation, but merely a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim" (*id.* at 329 [internal quotation marks and citations omitted]).

A court may also "exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act" (CPLR 302 [a] [2]; *see Weitz v Weitz*, 85 AD3d at 1154; *Ed Moore Adv. Agency v I.H.R., Inc.*, 114 AD2d 484, 485-486 [1985]; *Neilson v Sal Martorano, Inc.*, 36 AD2d 625, 626 [1971]).

"Exercise of personal jurisdiction under the long-arm statute must comport with federal constitutional due process requirements" (*Rushaid v Pictet & Cie*, 28 NY3d at 330). "It is well established that a nondomiciliary must have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (*id.* at 331 [internal quotation marks omitted]). "The minimum contacts test has come to rest on whether a defendant's conduct and connection with the forum state are such that it should reasonably anticipate being haled into court there" (*id.* [internal quotation marks omitted]). "Where the plaintiff has established the requisite minimum contacts, a defendant seeking to defeat jurisdiction as constitutionally impermissible carries the burden of presenting a compelling case that the presence of some other considerations would render jurisdiction unreasonable" (*Opticare Acquisition Corp. v*

*Castillo*, 25 AD3d 238, 248 [2005] [internal quotation marks omitted]).

Here, in opposition to the defendant's motion, the plaintiffs made a prima facie showing that the defendant, a Florida domiciliary, transacted business in New York and that the plaintiffs' claims arose from those transactions so as to establish that jurisdiction was proper under CPLR 302 (a) (1) (*see* CPLR 302 [a] [1]; *Rushaid v Pictet & Cie*, 28 NY3d at 323; *Fischbarg v Doucet*, 9 NY3d at 380; *America/Intl. 1994 Venture v Mau*, 146 AD3d at 52; *Weitz v Weitz*, 85 AD3d at 1153-1154). Accepting the plaintiffs' allegations as true and construing the allegations in the light most favorable to the plaintiffs, they demonstrated prima facie that the defendant purposefully availed himself "of the privilege of conducting activities" in New York, "thus invoking the benefits and protections of its laws" (*Fischbarg v Doucet*, 9 NY3d at 380 [internal quotation marks omitted]; *see Weitz v Weitz*, 85 AD3d at 1153-1154). Contrary to the defendant's contention, his alleged contacts with New York amounted to more than mere communications (*cf. America/Intl. 1994 Venture v Mau*, 146 AD3d at 53). The defendant allegedly utilized Sommer & Schneider's New York escrow account to further the alleged fraudulent investment scheme by directing the plaintiffs to deposit the funds for investment deals into the escrow account, by acting as the agent for the purported investment deals, and by using and allowing Joel to use the investment money deposited in the escrow account for personal expenses (*see Rushaid v Pictet & Cie*, 28 NY3d at 328-329). As to the second prong of the CPLR 302 (a) (1) analysis, the plaintiffs' allegations demonstrated prima facie that the defendant's activities in New York had an articulable nexus or substantial relationship to the plaintiffs' claims (*see id.* at 329). The plaintiffs' claims against the defendant of fraud, conversion, breach of fiduciary duty, and unjust enrichment turned entirely on the defendant's use of the New York escrow account to facilitate his fraudulent investment scheme (*see id.* at 330).

The plaintiffs also made a prima facie showing that the defendant committed tortious acts within New York, as the defendant is alleged to have converted funds held in New York (*see* CPLR 302 [a] [2]; *America/Intl. 1994 Venture v Mau*, 146 AD3d at 52; *Weitz v Weitz*, 85 AD3d at 1153-1154; *Ed Moore Adv. Agency v I.H.R., Inc.*, 114 AD2d at 485-486; *Neilson v Sal Martorano, Inc.*, 36 AD2d at 626).

Furthermore, exercising personal jurisdiction over the defendant pursuant to CPLR 302 (a) (1) and (a) (2) comports with

federal constitutional due process requirements (*Rushaid v Pictet & Cie*, 28 NY3d at 330) as the plaintiffs established the requisite minimum contacts and the defendant did not present a compelling case that the presence of some other considerations would render jurisdiction unreasonable (*see Opticare Acquisition Corp. v Castillo*, 25 AD3d at 248).

Accordingly, the Supreme Court should have denied the defendant's motion to dismiss the complaint insofar as asserted against him based on lack of personal jurisdiction. In light of the foregoing, the appeals from so much of the July 17, 2015, order as denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's motion to dismiss and from so much of the October 29, 2015, order as denied the plaintiffs' motion for leave to renew their opposition to the defendant's motion to dismiss have been rendered academic.

We do not consider issues raised by the appellants in connection with an order entered October 7, 2014, as the appellants did not file a notice of appeal from that order (*see e.g. Kumar v Yonkers Contr. Co., Inc.*, 14 AD3d 493, 494-495 [2005]). Chambers, J.P., Roman, Miller and Connolly, JJ., concur.