Skutnik v Messina (2019 NY Slip Op 08725)





Skutnik v Messina


2019 NY Slip Op 08725


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-12516
 (Index No. 403/16)

[*1]Anthony Skutnik, appellant, 
v
Peter Scott Messina, etc., respondent.


David J. Gold, P.C., New York, NY, for appellant.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated October 18, 2017. The order, insofar as appealed from, granted the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction and denied, as academic, that branch of the plaintiff's cross motion which was to direct the defendant to appear for a deposition.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for breach of contract, alleging that the defendant failed to repay a loan made in 2002. The plaintiff allegedly funded the loan through multiple wire transfers into the defendant's bank account in New York. The defendant moved, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, contending that he had resided in Florida since 2001. The plaintiff cross-moved, inter alia, to direct the defendant to appear for a deposition for the purpose of determining the issue of whether there was personal jurisdiction over the defendant. The Supreme Court, among other things, granted the defendant's motion to dismiss the complaint and denied, as academic, that branch of the plaintiff's cross motion which was to direct the defendant to appear for a deposition. The plaintiff appeals.
"Although a plaintiff is not required to plead and prove personal jurisdiction in the complaint, where jurisdiction is contested, the ultimate burden of proof rests upon the plaintiff" (Hopstein v Cohen, 143 AD3d 859, 860 [internal quotation marks omitted]; see Pichardo v Zayas, 122 AD3d 699, 700; Mejia-Haffner v Killington, Ltd., 119 AD3d 912, 914). "In opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the ground of lack of jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists" (Hopstein v Cohen, 143 AD3d at 860 [internal quotation marks omitted]).
CPLR 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." "The CPLR 302(a)(1) jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, [*2]the claims must arise from the transactions" (Nick v Schneider, 150 AD3d 1250, 1251 [internal quotation marks omitted]; see Rushaid v Pictet & Cie, 28 NY3d 316, 323). The sufficient activities requirement is satisfied "so long as the defendant's activities here were purposeful" (Rushaid v Pictet & Cie, 28 NY3d at 323 [internal quotation marks omitted]; see Nick v Schneider, 150 AD3d at 1252). "Purposeful activities are those with which a defendant, through volitional acts, avails [himself or herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (Fischbarg v Doucet, 9 NY3d 375, 380 [internal quotation marks omitted]; see Nick v Schneider, 150 AD3d at 1252).
"To satisfy the second prong of CPLR 302(a)(1) that the cause of action arise from the contacts with New York, there must be an articulable nexus . . . or substantial relationship . . . between the business transaction and the claim asserted" (Rushaid v Pictet & Cie, 28 NY3d at 329 [internal quotation marks omitted]; see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339; Nick v Schneider, 150 AD3d at 1252). "This inquiry is relatively permissive, and does not require causation, but merely a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim" (Rushaid v Pictet & Cie, 28 NY3d at 329 [citations and internal quotation marks omitted]; see Nick v Schneider, 150 AD3d at 1252). "CPLR 302(a)(1) is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Zottola v AGI Group, Inc., 63 AD3d 1052, 1054 [internal quotation marks omitted]; see Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71).
Here, in opposition to the defendant's motion, the plaintiff made a prima facie showing that the defendant transacted business in New York and that the plaintiff's claims arose from those transactions, so as to establish jurisdiction pursuant to CPLR 302(a)(1). The emails submitted by the plaintiff regarding the subject loan included an email from the defendant dated May 8, 2002, wherein the defendant requested that the plaintiff send him multiple loan disbursements by wire transfers into a bank account in Smithtown, New York, for which the defendant provided an account number and a routing number. The plaintiff's submissions demonstrated that the defendant maintained a bank account in New York for the purpose of availing himself of the privilege of conducting business activities in New York, and that he purposefully used that account to conduct the very transactions that are the subject of this action (see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327).
Accordingly, the Supreme Court should have denied the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
That branch of the plaintiff's cross motion which was to direct the defendant to appear for a deposition for the purpose of determining the issue of whether there was personal jurisdiction over the defendant has been rendered academic in light of our determination. Accordingly, we agree with the Supreme Court's determination denying, as academic, that branch of the plaintiff's cross motion, albeit for a different reason from that relied upon by the Supreme Court.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court