Sen v GR Realty Holdings LLC (2022 NY Slip Op 01109)





Sen v GR Realty Holdings LLC


2022 NY Slip Op 01109


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Mendez, JJ. 


Index No. 157812/20 Appeal No. 15327 Case No. 2021-01591 

[*1]Annabel Sen, Plaintiff-Respondent,
v
GR Realty Holdings LLC, Defendant, 15 Union Sq. W. Condominium, et al., Defendants-Respondents, Henrique Dubugras, et al., Defendants-Appellants.


Kaplan Hecker & Fink LLP, New York (Roberta A. Kaplan of counsel), for appellants.
Morelli Law Firm, New York (Sara A. Mahoney of counsel), for Annabel Sen, respondent.
Lewis Johs Avallone Aviles, LLP, New York (Amy E. Bedell of counsel), for 15 Union Square West Condominium and Brown Harris Stevens Residential Management, LLC, respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered May 3, 2021, which, to the extent appealed from, denied the motion of defendants tenants Henrique Dubugras and Pedro Franceschi (the tenants), to dismiss the complaint as against them for lack of personal jurisdiction, unanimously affirmed, with costs.
Plaintiff commenced this personal injury action after she was struck by a lounge chair that fell from the terrace of the 12th-floor penthouse apartment of defendant 15 Union Square Condominium. The tenants, who were the lessees of the apartment, moved to dismiss plaintiff's action under CPLR 3211(a)(8), arguing that New York did not have jurisdiction over them because they were residents of California and were in Florida at the time of the incident.
The motion court correctly determined that it had personal jurisdiction over tenants under CPLR 302(a)(4) and (a)(2), since plaintiff's claims arise out of the allegedly negligent use and tenancy of the apartment (CPLR 302[a][4]; see Matter of CDR CrÉances S.A.S. v First Hotels & Resorts Invs., Inc., 140 AD3d 558, 563 [1st Dept 2016]; Lancaster v Colonial Motor Freight Line, Inc., 177 AD2d 152, 159 [1st Dept 1992]). In addition, CPLR 302(a)(2) provides a separate basis to confer personal jurisdiction over tenants, as they did not adequately refute the complaint's allegations that they acted negligently in failing to secure the lounge chair at their leased apartment in New York (see Corpuel v Galasso, 268 AD2d 202, 202 [1st Dept 2000]).
Requiring tenants to defend against this suit in New York is not inconsistent with traditional notions of fair play and substantial justice (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022