| |
|---|
| **Joyous JD Ltd. v Yolanda Asset Mgt. Corp.** |
| 2024 NY Slip Op 33318(U) |
| September 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652028/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**      PART      **11M**

*Justice*

-------------------------------------------------------------------------------X

JOYOUS JD LIMITED, MICROALGO INC.,VIYI ALGORITHM INC.

                Plaintiff,

- v -

YOLANDA ASSET MANAGEMENT CORPORATION, ZHIGUO ZHANG, YANMING LIU,

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652028/2023 |
| MOTION DATE | 05/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for              DISMISS            .

## Background[1]

Plaintiffs, Joyous JD Limited ("Joyous"), MicroAlgo Inc., and VIYI Algorithm Inc., bring this action against Defendants alleging causes of action based on several agreements, the common law, and for Securities Act of 1933 (the "Securities Act") violations.

Defendant Yolanda Management Corporation ("Yolanda") is a BVI company incorporated in 2018. Zhiguo Zhang ("Zhang") oversees day-day management of Yolanda. Together, Yolanda and Zhang will be referred to as the "Defendants". Liu, another defendant, did not join in the motion to dismiss. On May 14, 2018, Yolanda formed and invested in another company—Venus Acquisition Corporation ("Venus")—a blank check or special purpose acquisition company (colloquially known as a "SPAC"). Some of the allegations in this case concern Venus despite the fact that Venus is not a named party.

---

[1] The Court would like to thank Special Master Jason Lowe, Esq. for his assistance in this matter.

**652028/2023 JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT CORPORATION ET AL**
Motion No. 001

**Page 1 of 7**

1 of 7

[* 1]

Defendants brings a motion to dismiss arguing this action must be dismissed due to lack of personal jurisdiction, pursuant to the *forum non conveniens* doctrine, due to res judicata and/or collateral estoppel, for lack of standing, and for failure to state a cause of action. The Court analyzes each of these grounds below.

**Analysis**

**Foreign Language Documents Submitted As Part of This Motion**

Initially, the Court notes that the parties submitted foreign language documents as part of this motion. The foreign language documents are not considered by the Court. CPLR 2101(b) requires all documents submitted to the Court to be in English. Thus, the untranslated documents submitted by Defendant are not considered as they are not in English. With regards to the documents submitted by Plaintiff that are translated into English, CPLR 2101(b) requires the documents to be "accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate." In this case, a certification was submitted, which is not an affidavit. In addition, the certification does not purport to be from the person doing the translation. Therefore, it fails to meet the requirements of CPLR 2101(b) and cannot be considered by this Court.

**Personal Jurisdiction**

Defendants Zhang and Yolanda move to dismiss due to lack of personal jurisdiction. Mr. Zhang notes he is the actual controller of Yolanda and then asserts that Yolanda has no business offices in New York. However, Venus lists an address in New York as its principal office in filings with the SEC. One of the SEC filings states " Yolanda Management Corporation

**652028/2023   JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT CORPORATION ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

("Yolanda") is the founder/sponsor of [Venus] and does not conduct other business activity." NYSCEF #26 at page 4.

Further, the SEC filings state that "Mr. Liu is the sole director and shareholder of Yolanda with sole right and power vote and dispose of the securities of the Issuer held by Yolanda." That same SEC filing shows that Mr. Liu maintains an office in New York.

Thus, Mr. Zhang's statements that Yolanda does not do any business in New York seem to be undercut by the idea that Yolanda's only business was being the founder/sponsor of a company whose principal office is in New York and that there was a time when Yolanda's sole shareholder and director maintained an office in New York at the same address where Venus maintained its principal office.

In addition, Plaintiffs allege causes of action related to an initial public offering for a SPAC in New York along with a de-SPAC that allegedly occurred in New York.

To defeat a motion for summary judgment pursuant to CPLR 3211(a)(8) a plaintiff need only establish, *prima facie*, that the defendant was subject to the personal jurisdiction of the Supreme Court. (*PC-16 Doe v Hill Regional Career High Sch.*, 223 AD3d 518, 518 [1st Dept 2024][On this pre-answer motion to dismiss, plaintiff has made prima facie showing that defendants are subject to personal jurisdiction]; *Weitz v Weitz*, 85 AD3d 1153 [2nd Dept. 2011]). The above is sufficient to establish, *prima facie*, that Yolanda is subject to personal jurisdiction in New York.

With respect to Mr. Zhang, Plaintiffs argue that the Court has personal jurisdiction over Mr. Zhang due to him being a controlling person of Yolanda. For the Court to have personal jurisdiction over a controlling person due to a corporation's activities the controlling person must have benefited from the transaction and exercised some degree of control over the corporation in

**652028/2023   JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT
CORPORATION ET AL
Motion No.  001**

Page 3 of 7

3 of 7

relation to the transaction. (*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 199 [1988]). The allegations that Mr. Zhang was Yolanda's principal shareholder, in charge of the day-to-day management, and controlling director along with the allegations that Mr. Zhang was compensated for being the promoter for Venus are sufficient to make out prima facie showing of personal jurisdiction for Mr. Zhang as a controlling person of Yolanda. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

**Forum Non Conveniens**

Defendants argue that this case should be dismissed pursuant to the *forum non conveniens* doctrine. A court may dismiss an action on *forum non conveniens* grounds "where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere." (*Islamic Republic v. Pahlavi*, 62 N.Y.2d 474, 478-79 [1984]). "Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit." *Id*. at 479 (citation omitted). Further, a "court may also consider that both parties to the action are nonresidents." *Id*.

Prior to this action being filed, Yolanda filed an action against Microalgo, Inc., one of the plaintiffs in this case. See YOLANDA MANAGEMENT CORPORATION v. MICROALGO, INC. et al; Index Number 650956/2024. The subject of that lawsuit was related to the subject matter of this lawsuit. Thus, the hardship factor balances against dismissal.

Similarly, Plaintiffs argue that they could not bring many of the causes of action in an alternative forum. Defendants do not argue that a majority of the claims could be brought in an alternative forum. This factor, therefore, also weighs against dismissal on forum non conveniens

**652028/2023  JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT CORPORATION ET AL**
**Motion No.  001**

**Page 4 of 7**

4 of 7

[* 4]

grounds. Further, this factor is the most important factor in a forum non conveniens analysis. (*Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 479 [1984]).

Therefore, though the parties are both out of state, which weighs in favor of dismissal, the other factors weigh against dismissal and thus the Court denies the motion to dismiss pursuant to the forum non conveniens doctrine.

**Collateral Estoppel/Res Judicata**

Defendants argue that this action must be dismissed pursuant to *res judicata*, collateral estoppel, and/or comity. This argument is based on an interpretation of what claims were litigated in China. As is discussed above, the records from the Chinese proceeding are not properly before this Court as they are either submitted in a foreign language or do not properly follow the CPLR for the submission of foreign language documents. Therefore, this Court has an inadequate record to analyze or determine whether dismissal is warranted pursuant to res judicata, collateral estoppel, and/or comity. The motion to dismiss on these grounds is therefore denied.

**Lack of Standing and Failure to State a Claim**

Defendants argue that the cause of action pursuant to Section 11 of the Securities Act must be dismissed because Plaintiff Joyous has not presented evidence to establish that the shares it purchased are directly traceable to the IPO stock that began trading on February 11, 2021. At the motion to dismiss stage, a party is not required to present evidence to prove the allegations in their pleading. Therefore, Defendants' motion to dismiss the Section 11 claim is denied.

**652028/2023   JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT CORPORATION ET AL**
**Motion No. 001**

**Page 5 of 7**

5 of 7

Defendants argue that pursuant to Section 12(a)(2) of the Securities Act, only offers or sales of securities made by means of a prospectus or oral communication are actionable. Defendants argue that aftermarket securities sales do not qualify under this standard. This is incorrect. Some aftermarket securities sales may be actionable pursuant to Section 12(a)(2). (*In re Giant Interactive Group, Inc. Sec. Litig.*, 643 F Supp 2d 562, 574 [SDNY 2009]["To the extent that shares of Giant were purchased in the aftermarket from the Underwriter Defendants acting as dealers who had an obligation to distribute a prospectus, Section 12(a)(2) liability could attach[.]"])

Finally, Defendants moved to dismiss pursuant to Limited Liability Company Law (LLCL) § 808(a) which bars unregistered foreign LLCs from maintaining any action in this state without a certificate of authority. However, since none of the Plaintiffs are limited liability companies, LLCL § 808(a) does not provide any basis for dismissing this action.

Accordingly, it is hereby

ADJUDGED that Defendant Yolanda Management Corporation and Zhiguo Zhang's motion to dismiss is denied; and it is further

ORDERED that Defendants Yolanda Management Corporation and Zhiguo Zhang shall file an answer within 20 days of this order being filed by the Court on NYSCEF; and it is further

ORDERED that the parties shall meet and confer regarding a preliminary conference order. If the parties cannot agree on a preliminary conference order by October 18, 2024, the parties shall email the part clerk to seek a conference.

**652028/2023   JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT CORPORATION ET AL**
**Motion No.  001**

**Page 6 of 7**

6 of 7

20240919164042LFRANK125B4733303640FEA4EA4BEEA74DD2ED

__9/19/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

CHECK ONE: [ ] CASE DISPOSED [X] NON-FINAL DISPOSITION

[ ] GRANTED [X] DENIED [ ] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

652028/2023   JOYOUS JD LIMITED ET AL vs. YOLANDA ASSET MANAGEMENT CORPORATION ET AL
Motion No.  001

Page 7 of 7

7 of 7