■ MID-ATLANTIC RESIDENTIAL INVESTORS LIMITED PARTNER-SHIP, Respondent, v ERNEST D. McGUIRE, Appellant and Third-Party Plaintiff-Appellant-Respondent. PERKINS & ZURES, INC., et al., Third-Party Defendants-Respondents-Appellants; ERNST & WHINNEY, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered April 5, 1989, which, *inter alia,* granted plaintiff's motion for summary judgment on the first cause of action in the amount of $47,247, plus interest, and for summary judgment as to liability on the second cause of action for attorneys' fees, and referred third-party defendants' Randel Perkins and Perkins & Zures, Inc., motion for dismissal of the complaint pursuant to CPLR 3211 (a) (8) on grounds of lack of personal jurisdiction to a Referee to hear and report, is unanimously modified, on the law, to the extent of granting the motion to dismiss the third-party complaint against said third-party defendants, and the order is otherwise affirmed, without costs and without disbursements.

Interlocutory judgment, Supreme Court, New York County (David B. Saxe, J.), entered April 26, 1989, which awarded plaintiff $78,252 on the first cause of action, unanimously affirmed, without costs and without disbursements.

Defendant, a California resident engaged in the construction business, was advised by his accountants to consider tax shelter investments to reduce his potential 1985 income tax liability. The accountants arranged a meeting with Randel Perkins of Perkins & Zures, Inc. at the latter's San Bernadino, California, office. Defendant asserts that Perkins represented that defendant would secure substantial tax benefits by the purchase of one unit in plaintiff limited partnership, and that if defendant could not meet future periodic payments required by the promissory note, his interest could be resold without substantial loss. Defendant received, but allegedly did not read

plaintiff's offering materials, which stated that no agent was authorized to make representations other than those contained in the written materials; that tax benefits to any given individual could be substantially or completely negated by the alternative minimum tax or the adoption of tax revisions being debated in Congress; that as the interest was not to be registered, there would be no public resale market for the interest, and thus the purchaser should expect to hold his interest indefinitely; that wholly discretionary general partner consent was required for any transfer of the interest; and that the interest was a wasting asset. After alleged additional reassurances from Perkins that the unit could be resold, defendant purchased one unit, executing an interest-bearing $117,500 promissory note and a subscription agreement in which defendant disclaimed reliance upon any representations not contained in the offering materials.

In 1986, prior to the due date of the first payment under the promissory note, defendant was advised by his accountant that due to the alternative minimum tax provisions, the interest provided little or no tax benefit to him. Defendant made no payments on the note. After declaring a default, accelerating the balance due and notifying defendant that the interest would be sold, plaintiff brought this action in New York on the promissory note. Defendant commenced a third-party action against, *inter alia,* Perkins and Perkins & Zures, Inc.

Supreme Court properly granted summary judgment to plaintiff as defendant's assertions of fraud in the inducement were specifically disclaimed in the documents executed upon the purchase of the interest *(Danann Realty Corp. v Harris,* 5 NY2d 317). As any oral misrepresentations by Perkins were unauthorized and defendant's purported reliance on them was contrary to the specific disclaimers recited in the subscription agreement, the evidence of fraud was properly barred. *(Wittenberg v Robinov,* 9 NY2d 261.) We have examined defendant's other contentions and find them to be without merit.

We conclude that, in these circumstances, there can be no long-arm jurisdiction over third-party defendants Perkins or Perkins & Zures, Inc. Jurisdiction pursuant to CPLR 302 (a) (3) (ii) is predicated on the basis of an alleged injury to defendant in New York State arising from the necessity of defending the action here. Assuming, arguendo, that this expenditure of moneys by defendant can be considered a cognizable injury for these purposes, it is clear the situs of the injury must be deemed to be California, where all the critical

events associated with this dispute occurred *(Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff,* 85 AD2d 861). Further, the expenditure of funds in defense of the main action must be regarded as a remote consequence of the Perkins' alleged misrepresentations *(Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326-327). Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.