■ FRANCES C. PETERS, Appellant, v GEORGE CHRISTY PETERS et al., Defendants, and UBS AG et al., Respondents. [955 NYS2d 315]—

The motion court properly exercised its discretion in finding that the fact of plaintiff's residence in New York is outweighed by the remaining factors under consideration on UBS AG's motion to dismiss on the ground of forum non conveniens (see *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). The transaction out of which the cause of action arose occurred in Switzerland, all the meetings described by plaintiff that involved UBS AG personnel took place in that country, nearly all the nonparty witnesses are there, Swiss law would apply to the claims, and plaintiff may bring suit in Switzerland.

The court properly granted UBS Bahamas' motion to dismiss on the ground of lack of personal jurisdiction pursuant to CPLR 302 (a) (2), since plaintiff does not allege that UBS Bahamas committed a tort within the State of New York (*see Longines-*

*Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 460 [1965], *cert denied* 382 US 905 [1965]; *National Union Fire Ins. Co. of Pittsburgh v Davis, Wright, Todd, Reise & Jones*, 157 AD2d 571, 572 [1st Dept 1990]). Plaintiff's claim that the individual defendants, as agents of UBS Bahamas, committed a tort in New York in furtherance of a conspiracy is conclusory (*see e.g. Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89, 97 [1st Dept 2010]).

The court also properly found that UBS Bahamas is not subject to jurisdiction pursuant to CPLR 302 (a) (3) (ii), since the allegedly wrongful disbursement of approximately $20 million was not an injury-causing event in New York, but, rather, a decision by a trustee in the Bahamas to authorize the release of funds from bank accounts in Switzerland. Plaintiff cannot establish injury in New York merely because she resides here (*see e.g. Magwitch, L.L.C. v Pusser's Inc.*, 84 AD3d 529, 532 [1st Dept 2011], *lv denied* 18 NY3d 803 [2012]; *Mid-Atlantic Residential Invs. Ltd. Partnership v McGuire*, 166 AD2d 205, 206-207 [1st Dept 1990]).

Plaintiff failed to establish that essential jurisdictional facts may exist that are not presently known so as to warrant further jurisdictional discovery (*see Copp v Ramirez*, 62 AD3d 23, 31 [1st Dept 2009], *lv denied* 12 NY3d 711 [2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.