Order, Supreme Court, New York County (Milton A. Tingling, *569 J.), entered September 27, 2012, which granted defendants American University of Antigua and GCLR, LLC’s motion to reargue their motion to dismiss the complaint and, upon reargument, adhered to the prior order, same court and Justice, entered on or about January 17, 2012, denying their motion to dismiss on the ground of forum non conveniens and to dismiss as against GCLR pursuant to CPLR 3211 (a) (1), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Appeal from the order entered January 17, 2012, unanimously dismissed, without costs, as superseded by the appeal from the September 27, 2012 order.
In this action for personal injuries allegedly suffered by plaintiff when he slipped and fell on defendant American University of Antigua’s (AUA) campus, that portion of defendants’ motion seeking dismissal of the complaint as against defendant GCLR, LLC should have been granted pursuant to CPLR 3211 (a) (1) since the documentary evidence establishes that a cause of action for negligence cannot be maintained against GCLR. The services agreement between GCLR and AUA shows that GCLR does not own, manage or otherwise control AUA’s premises. Rather, it merely performs various administrative services, including accounting, preparing and distributing brochures, and maintaining student records. Plaintiff did not oppose this portion of the motion, and accordingly, his present arguments are not preserved for appellate review (see Lally v New York City Health & Hosps. Corp., 277 AD2d 9 [1st Dept 2000], appeal dismissed 96 NY2d 896 [2001]).
Defendants’ motion to dismiss on the ground of forum non conveniens should also have been granted. The accident occurred in Antigua where AUA is located, pertinent witnesses and documentary evidence are located in Antigua, and, as plaintiff concedes, Antiguan law is applicable (see e.g. Peters v Peters, 101 AD3d 403 [1st Dept 2012]; United States Aviation Underwriters v United States Fire Ins. Co., 134 AD2d 187, 190 [1st Dept 1987]). There is no connection to New York since the complaint is dismissed against GCLR, the only party that is a New York resident. Concur — Sweeny, J.P, Acosta, Román, Feinman and Clark, JJ.