■ Joan Bloomgarden et al., Appellants, v Anthony Lanza et al., Respondents. [40 NYS3d 142]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from so much of an order of

the Supreme Court, Suffolk County (Martin, J.), dated June 5, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction and, in effect, denied their cross motion, inter alia, to vacate the arbitration clause in a particular contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action seeking damages for, inter alia, legal malpractice against the defendants, attorneys in California, who represented the plaintiffs in an action against certain Florida attorneys in Florida. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint in this action for lack of personal jurisdiction, and the Supreme Court granted that branch of the motion. The plaintiffs appeal.

"Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211 (a) (8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (*Whitcraft v Runyon*, 123 AD3d 811, 812 [2014], citing *Weitz v Weitz*, 85 AD3d 1153 [2011], and *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]). Here, accepting as true the allegations set forth in the complaint and in the opposition to the motion, and according the plaintiffs the benefit of every favorable inference (*see Whitcraft v Runyon*, 123 AD3d at 812), we find that the plaintiffs failed to make a prima facie showing that the defendants were subject to personal jurisdiction in New York.

Pursuant to CPLR 302 (a) (1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). "Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has 'purposefully avail[ed] itself of the privilege of conducting activities within [New York]' " (*Paradigm Mktg. Consortium, Inc. v Yale New Haven Hosp., Inc.*, 124 AD3d 736, 737 [2015], quoting *Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007]; *see Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327, 338 [2012]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9

NY3d 375, 380 [2007], quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]). Thus, even when physical presence is lacking, jurisdiction may still be proper if the defendant "on his [or her] own initiative . . . project[s] himself [or herself]" into this state to engage in a "sustained and substantial transaction of business" (*Fischbarg v Doucet*, 9 NY3d at 382, quoting *Parke-Bernet Galleries v Franklyn*, 26 NY2d 13, 18 [1970]). Here, the plaintiffs failed to show that the defendants actively projected themselves into New York to engage in a sustained and substantial transaction of business within New York, thereby purposefully availing themselves of the privilege of conducting activities in New York so as to subject them to long-arm jurisdiction pursuant to CPLR 302 (a) (1) (*see Paterno v Laser Spine Inst.*, 24 NY3d 370, 379 [2014]). The defendants communicated from California with the plaintiffs in New York via mail, telephone, and email because the plaintiffs were New York domiciliaries, not because the defendants were actively participating in transactions in New York, and the communications with the plaintiffs in New York all concerned the services that the defendants were performing in Florida (*see Liberatore v Calvino*, 293 AD2d 217, 220 [2002]; *Libra Global Tech. Servs. [UK] v Telemedia Intl.*, 279 AD2d 326 [2001]; *J. E. T. Adv. Assoc. v Lawn King*, 84 AD2d 744, 745 [1981]).

Nor did the plaintiffs establish that the defendants caused injury within New York that would subject them to long-arm jurisdiction pursuant to CPLR 302 (a) (3). The residence of an injured party in New York is not sufficient to satisfy the clear statutory requirement of an "injury . . . within the state" (CPLR 302 [a] [3]; *see McGowan v Smith*, 52 NY2d 268, 274, 275 [1981]). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff" (*Hermann v Sharon Hosp.*, 135 AD2d 682, 683 [1987]). Here, the alleged legal malpractice occurred in Florida.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Leventhal, Maltese and Connolly, JJ., concur.