Kainer v UBS AG (2019 NY Slip Op 06053)





Kainer v UBS AG


2019 NY Slip Op 06053


Decided on August 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 6, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9182 650026/13

[*1]Estate of Margaret Kainer, etc., et al., Plaintiffs-Appellants,
v
UBS AG, etc., et al., Defendants-Respondents, John Does 1-X, et al., Defendants.


Krauss PLLC, New York (Geri S. Krauss of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Marshall R. King of counsel), for UBS AG and UBS Global Asset Management (Americas), Inc., respondents.
Franzino & Scher LLC, New York (William M. Barron of counsel), for Norbert Stiftung and Edgar Kircher, respondents.
Hunton Andrews Kurth LLP, New York (Joseph A. Patella of counsel), for Christie's Inc., respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about October 31, 2017, which, to the extent appealed from, granted defendants UBS AG, UBS Global Asset Management (Americas), Inc.'s (together, UBS) and Norbert Stiftung f/k/a Norbert Levy Stiftung (the Foundation) and Edgar Kircher's motions to dismiss the complaint against them on forum non conveniens grounds, granted defendant Christie's Inc.'s motion to dismiss the complaint against it on forum non conveniens grounds to the extent of staying the action against Christie's, with leave to restore the action to the calendar if plaintiffs obtain a final favorable determination in the European court(s), granted Christie's motion to dismiss the causes of action for unjust enrichment and conspiracy to obtain unjust enrichment as against it, denied plaintiffs' motion to supplement the record, and precluded jurisdictional discovery, unanimously affirmed, without costs.
This action involves a dispute among purported heirs to Margaret Kainer's estate over ownership rights to a Degas painting, "Danseuses," which Nazis illegally confiscated from Kainer, who died without a will or children in 1968, and which, many years later, was sold in New York at a Christie's auction. Plaintiffs consist of Kainer's estate and 11 heirs to the estate, according to French certificates of inheritance identifying them as such.
The Foundation, another purported heir to Kainer's estate and thus to the painting, was founded under Swiss law and is domiciled in Switzerland. UBS AG is a Swiss bank that maintains offices in New York. Its subsidiary, UBS Global Asset Management, is a Delaware corporation. UBS managed the assets of the Kainer family and allegedly created the Foundation. Edgar Kircher, a Swiss citizen and resident and UBS employee, served on the board of trustees of the Foundation, and allegedly directed all acts of the Foundation. Christie's, a New York auction house, was incorporated in New York and has a principal place of business in New York City.
Christie's and UBS Global Asset Management are the only defendants that do not contest personal jurisdiction in New York. No plaintiffs reside in New York, and all but one reside outside of the United States.
The motion court properly dismissed this action on forum non conveniens grounds [*2]without first determining whether it had personal jurisdiction over all the defendants. Sinochem Intl. Co. Ltd. v Malaysia Intl. Shipping Corp. (549 US 422 [2007]) is persuasive authority on this point. In that case, a unanimous United States Supreme Court held that a trial court
"has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject matter jurisidiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case"
(id. at 425).
To be sure, as the Sinochem Court noted, if a court can readily determine that it lacks personal jurisdiction over a defendant, the proper course is to dismiss on that ground. However, where personal jurisdiction is difficult to determine, and forum non conveniens considerations clearly militate in favor of dismissal, a court may dismiss on the latter ground (id. at 436).
Plaintiffs concede that they currently do not have a basis for personal jurisdiction in New York over any defendant except Christie's. Plaintiffs' attempt to minimize the amount of discovery necessary to establish personal jurisdiction over the remaining defendants is unconvincing. This action concerns actions taken by various entities on two continents. The defendants' alleged actions that would expose them to personal jurisdiction in New York overlap extensively with the merits of plaintiff's claims that Christie's conspired with the remaining defendants to interfere with plaintiffs' rights to the painting. As it could not readily determine, without allowing significant discovery, that it had personal jurisdiction over all the defendants, the motion court properly considered the defendants' arguments that New York is an inconvenient forum.
The doctrine of forum non conveniens permits a court to dismiss an action that is otherwise jurisdictionally sound if it finds that "in the interest of substantial justice the action should be heard in another forum" (CPLR 327[a]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). The relevant factors include: (1) the burden on the New York courts; (2) potential hardship to the defendant; (3) the unavailability of an alternative forum; (4) whether both parties are nonresidents; and (5) whether the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction (Islamic Republic of Iran, 62 NY2d at 479; see also Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A., 26 AD3d 286, 287 [2006]). The court may also consider the location of potential witnesses and documents and potential applicability of foreign law (Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 176 [1st Dept 2004]).
These factors clearly demonstrate that New York is an inconvenient forum. Plaintiffs' rights as heirs to the painting arose in Germany and France, although the painting was allegedly wrongfully sold in New York. The burden on the New York court in applying Swiss and French estate law to determine the underlying issue of the lawful heirs to Kainer's estate is significant. As the motion court noted, the parties "not only dispute the applicable foreign law, but discuss the substance of the law . . . in a manner that is, at best, opaque." "The applicability of foreign law is an important consideration in determining a forum non conveniens motion . . . and weighs in favor of dismissal" (Shin-Etsu Chem. Co., Ltd., 9 AD3d at 178; see also Peters v Peters, 101 AD3d 403, 403 [1st Dept 2012]).
The potential hardships to the defendants of litigating in New York are clear. Kircher lives in Switzerland, the Foundation was created and is domiciled in Switzerland, UBS AG is incorporated and headquartered there, and UBS Global Asset Management has consented to jurisdiction there. Although UBS has a New York office and resources to litigate the case here, many relevant nonparty witnesses and documents are located in Switzerland and Germany, and UBS would be powerless to compel their attendance in New York.
Switzerland appears to be an available alternative forum. France and Germany also may be possible alternatives. Plaintiffs have asked the Swiss court to find that they are the sole heirs [*3]to the Kainer estate, declare the Swiss certificates of inheritance null and void, and order that all assets — not just the painting at issue herein - originating from Kainer's estate be returned to plaintiffs. Whether the Foundation and Christie's could enter into their agreement to sell the painting "cannot be determined without reference to the underlying issue of ownership — the very issue that is already being litigated abroad" (Citigroup Global Mkts., Inc. v Metals Holding Corp., 45 AD3d 361, 362 [1st Dept 2007]). This factor thus favors dismissal, in part due to the risk of conflicting rulings (id.; see Datwani v Datwani, 121 AD3d 449, 449 [1st Dept 2014], lv denied 24 NY3d 912 [2014]). Plaintiffs note that the Foundation and the Swiss localities seek dismissal of the Swiss proceedings for lack of jurisdiction and on statute of limitations grounds. In any event, while the existence of a suitable alternative forum is an important factor, its absence does not require a New York court to retain jurisdiction (see Pahlavi, 62 NY2d at 481).
Plaintiffs also argue that, even if the Swiss proceedings reach a determination on the merits, they will not determine plaintiffs' rights to the paintings because the Swiss courts cannot invalidate plaintiffs' French certificates of inheritance, but the same is true in New York. The certificates merely confer standing to sue, and do not conclusively resolve the question, in Switzerland or New York, of whether the Foundation has rights to the painting (see Maestracci v Helly Nahmad Gallery, Inc., 155 AD3d 401, 403-404 [1st Dept 2017]).[FN1]
The foregoing factors favor dismissal against UBS, Kircher, and the Foundation, and a stay of the proceedings against Christie's pending a determination favorable to plaintiffs in the foreign courts.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 6, 2019
DEPUTY CLERK



Footnotes

Footnote 1:Plaintiffs appear to be correct that a European court may not have jurisdiction over Christie's, and thus might not be able to determine the final issue of the validity of the RSA and sale of the painting. Christie's conduct is at issue only if the Foundation is found not to be the sole lawful heir, with authorization to release claims to the painting in the RSA. Accordingly, Supreme Court issued a stay of proceedings against Christie's, conditioned upon a determination in European courts under European estate law, whether the Foundation and plaintiffs are heirs to the painting.