Alvarez & Marshal Valuation Servs., LLC v Solar Eclipse Inv. Fund III, LLC (2023 NY Slip Op 02449)

Alvarez & Marshal Valuation Servs., LLC v Solar Eclipse Inv. Fund III, LLC

2023 NY Slip Op 02449

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 653123/21 Appeal No. 206 Case No. 2022-03083 

[*1]Alvarez & Marshal Valuation Services, LLC, Plaintiff-Appellant,
v
Solar Eclipse Investment Fund III, LLC et al., Defendants-Respondents.

Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York (Justin Y.K. Chu of counsel), for Solar Eclipse Investment Fund III, LLC, Solar Eclipse Investment Fund IV, LLC, Solar Eclipse Investment Fund V, LLC, Solar Eclipse Investment Fund VI, LLC, Solar Eclipse Investment Fund X, LLC, Solar Eclipse Investment Fund XI, LLC, Solar Eclipse Investment Fund XII, LLC, Solar Eclipse Investment Fund XV, LLC, Solar Eclipse Investment Fund XVI, LLC, Solar Eclipse Investment Fund XVII, LLC, Solar Eclipse Investment Fund XVIII, Solar Eclipse Investment Fund XIX, LLC, Solar Eclipse Investment Fund XXI, LLC, Solar Eclipse Investment Fund XXII, LLC, Solar Eclipse Investment Fund XXIII, LLC, Solar Eclipse Investment Fund XXIV, LLC, People's United Bank, N.A., People's United Financial, Inc., DV VNB Community Renewables Fund, LLC and DV VNB Community Renewables Fund III, LLC, respondents.
Reed Smith LLP, New York (John C. Scalzo of counsel), for Solar Eclipse Investment Fund VII, LLC, Solar Eclipse Investment Fund VIII, LLC, Solar Eclipse Investment Fund XIV, LLC, Solar Eclipse Investment Fund XXVII, LLC, Solar Eclipse Investment Fund XXXII, LLC, Solar Eclipse Investment Fund XXXV, LLC and ADHI-Solar LLC, respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 10, 2022, which, to the extent appealed from, granted defendants' motion to dismiss the complaint as against 24 of the defendants (dismissed defendants) pursuant to CPLR 3211(a)(4) and (8), unanimously affirmed, with costs.
Plaintiff has failed to satisfy its burden of demonstrating personal jurisdiction over the dismissed defendants (see CRT Invs. Ltd. v BDO Seidman, LLP, 85 AD3d 470, 471 [1st Dept 2011]). Plaintiff's sole alleged basis for personal jurisdiction over the dismissed defendants is found in the jurisdiction and forum selection provisions of the parties' pre-November 2016 engagement letters, in which the parties agree "that any Federal Court sitting within the Southern District of New York shall have exclusive jurisdiction over any litigation arising out of this Agreement; to submit to the personal jurisdiction of the Courts of the United States District Court for the Southern District of New York; and to waive any and all personal rights under the law of any jurisdiction to object on any basis (including, without limitation, inconvenience of forum) to jurisdiction or venue within the State of New York for any litigation arising in connection with this Agreement" (exclusive jurisdiction provision).
It is uncontested that New York federal courts do not have subject matter jurisdiction over this dispute, as there is no diversity of citizenship or federal question presented. Under these circumstances, Supreme Court properly determined that it could not maintain jurisdiction over defendants who signed the pre-November 2016 engagement letters based on the third clause of the exclusive jurisdiction provision, namely, that they had "waive[d] any and all personal rights under the law of any jurisdiction to object on any basis (including, without limitation, inconvenience of forum) to jurisdiction or venue within the State of New York." The third and final clause of the exclusive jurisdiction provision merely clarifies what the clauses preceding it set forth: that the parties cannot avoid jurisdiction in the federal court (which is located within New York state) by raising personal jurisdiction or venue objections there; the waiver clause does not apply to a state action (see Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s., 243 AD2d 1, 5 [1st Dept 1998]).
Supreme Court also providently dismissed the action against the dismissed defendants on the alternative ground that there is a pending action in California. CPLR 3211(a)(4) vests a court with "broad discretion" in determining whether to "dismiss an action on the ground that another action is pending between the same parties on the same cause of action" (Whitney v Whitney, 57 NY2d 731, 732 [1982]). Here, the California action involves a broader set of parties and issues than the instant action, which was commenced before the New York action, discovery is already underway in the California action[*2], and the indemnification cross-claims filed by plaintiff in the California action were compulsory (see E D & F Man Sugar Ltd v Gellert, 202 AD3d 475, 476 [1st Dept 2022]). If this action were permitted to proceed, identical parties would be litigating identical claims based on identical provisions in the engagement letters, in two different states, presenting a risk of inconsistent judgments. Thus, the court properly exercised its discretion in dismissing the complaint as against the dismissed defendants
on the additional ground that there was a prior pending — and more comprehensive — action in California (id.).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023