Law Off. of Cary Scott Goldinger, P.C. v Deluca (2023 NY Slip Op 04199)

Law Off. of Cary Scott Goldinger, P.C. v Deluca

2023 NY Slip Op 04199

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-07318
 (Index No. 608156/19)

[*1]Law Office of Cary Scott Goldinger, P.C., et al., appellants, 
v
Luba Deluca, etc., et al., defendants, Barbara Marburger, et al., respondents.

Law Office of Cary Scott Goldinger, P.C., and Cary Scott Goldinger, Garden City, NY, appellants pro se.
Carter Reich, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action to recover legal fees, the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated March 11, 2020. The order granted the motion of the defendants Barbara Marburger, Sloan Fine Art, LLC, and SFA Investing, Inc., pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff Cary Scott Goldinger, an attorney licensed to practice law in New York, and his law office, the plaintiff Law Office of Cary Scott Goldinger, P.C., with its principal place of business in New York, commenced this action against the defendants alleging, inter alia, that the defendants owed them legal fees. The plaintiffs alleged that they represented the defendants Sloan Fine Art, LLC (hereinafter Sloan), SFA Investing, Inc. (hereinafter SFA), and Barbara Marburger, an art dealer who was the sole and managing member of Sloan and SFA (hereinafter collectively the Marburger defendants), as well as the defendants Luba Deluca, Moisonzhnick Fine Art, LLC, and MFA, LLC (hereinafter collectively the MFA defendants), in an action commenced by a third party against the Marburger defendants and the MFA defendants in New Mexico, and allegedly represented the MFA defendants in a related action against the same third party in New York. The Marburger defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, contending, among other things, that the plaintiffs only represented the Marburger defendants in connection with the action commenced in New Mexico, that Barbara Marburger never traveled to New York to meet with the plaintiffs in connection with their alleged representation of the Marburger defendants, and that she never signed an engagement letter with the plaintiffs. In opposing the Marburger defendants' motion, the plaintiffs submitted only an unsworn memorandum of law. The Supreme Court granted the Marburger defendants' motion. The plaintiffs appeal.
The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction (see Fischbarg v Doucet, 9 NY3d 375, 381 n 5; Fanelli v Latman, 202 AD3d 758, 759). When opposing a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) on the [*2]ground of lack of personal jurisdiction, a plaintiff "need only make a prima facie showing" that personal jurisdiction over the moving defendant exists (Opticare Acquisition Corp. v Castillo, 25 AD3d 238, 243; see Lowy v Chalkable, LLC, 186 AD3d 590, 591). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Nick v Schneider, 150 AD3d 1250, 1251; see Leon v Martinez, 84 NY2d 83, 87-88).
Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state" (CPLR 302[a][1]), regardless of whether that non-domiciliary has actually entered New York State (see Fischbarg v Doucet, 9 NY3d at 380). "In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), a court must determine (1) whether the defendant transacted business in New York and, if so, (2) whether the cause of action asserted arose from that transaction" (Leuthner v Homewood Suites by Hilton, 151 AD3d 1042, 1043 [internal quotation marks omitted]). Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws (see Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 338; Ehrenfeld v Bin Mahfouz, 9 NY3d 501, 508; Fischbarg v Doucet, 9 NY3d at 380; McKee Elec. Co. v Rauland—Borg Corp., 20 NY2d 377, 382). "Further, in order to satisfy the second prong of the jurisdictional inquiry, there must be an articulable nexus, or a substantial relationship, between a defendant's in-state activity and the cause of action asserted" (Leuthner v Homewood Suites by Hilton, 151 AD3d at 1043-1044 [citations and internal quotation marks omitted]).
Here, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiffs, the plaintiffs failed to make a prima facie showing that the Marburger defendants were subject to personal jurisdiction in New York (see Paterno v Laser Spine Inst., 24 NY3d 370, 378; Bloomgarden v Lanza, 143 AD3d 850, 852; cf. Fischbarg v Doucet, 9 NY3d at 385). The complaint alleged that the Marburger defendants communicated from New Mexico via email and mail with the plaintiffs in New York because the plaintiffs were New York domiciliaries, not because the Marburger defendants were actively participating in transactions in New York (see Bloomgarden v Lanza, 143 AD3d at 852; see also Gordon v Credno, 102 AD3d 584, 586). The complaint alleged only that the plaintiffs represented the Marburger defendants in the New Mexico action, not in the New York action (see Bloomgarden v Lanza, 143 AD3d at 852). Further, the plaintiffs failed to allege that the Marburger defendants solicited the plaintiffs' legal services (see Paterno v Laser Spine Inst., 24 NY3d at 377; Fanelli v Latman, 202 AD3d at 760; cf. Fischbarg v Doucet, 9 NY3d at 385). Thus, the plaintiffs failed to sufficiently allege that the Marburger defendants projected themselves into New York and purposefully availed themselves of the benefits and protections of New York's laws governing lawyers (cf. Fischbarg v Doucet, 9 NY3d at 385). Moreover, the statement in Barbara Marburger's affidavit that she occasionally traveled to New York to attend art fairs and to visit New Mexico clients who have homes in New York City did not support a prima facie showing of personal jurisdiction, as there was no showing of an articulable nexus or substantial relationship between those activities and the causes of action asserted by the plaintiffs against the Marburger defendants (see Lowy v Chalkable, LLC, 186 AD3d at 592; Leuthner v Homewood Suites by Hilton, 151 AD3d at 1044).
We have not considered the allegations in the plaintiffs' unsworn memorandum of law (see Law Offs. of Neal D. Frishberg v Toman, 105 AD3d 712, 713; Nyack Hosp. v Progressive Cas. Ins. Co., 296 AD2d 482, 484).
Accordingly, the Supreme Court properly granted the Marburger defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
The Marburger defendants' remaining contentions are without merit.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court