Musial v Donohue (2024 NY Slip Op 01414)

Musial v Donohue

2024 NY Slip Op 01414

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

122 CA 22-01750

[*1]EUGENE MUSIAL AND LORRAINE MUSIAL, PLAINTIFFS-APPELLANTS,
v
DAVID C. DONOHUE, ESQ., ET AL., DEFENDANTS, RUSSELL BUTTON, ESQ., AND THE BUTTON LAW FIRM, PLLC, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFFS-APPELLANTS. 
CONNORS, LLP, BUFFALO (MICHAEL J. ROACH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered July 20, 2022. The order granted the motion of defendants Russell Button, Esq., and The Button Law Firm, PLLC, to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, who reside in New York, commenced this breach of contract and legal malpractice action against Texas attorney Russell Button, Esq., and his law firm, the Button Law Firm, PLLC (collectively, Button defendants), as well as New York attorneys David C. Donohue, Esq., Barry J. Donohue, Esq., and John F. Donohue, Esq., and their law firm, Donohue Law Offices (collectively, Donohue defendants). Plaintiffs allege that defendants failed to provide them with adequate legal representation with respect to claims arising from a motor vehicle accident that occurred in Texas. In appeal No. 1, plaintiffs appeal from an order that granted the Button defendants' motion to dismiss the complaint against them for lack of personal jurisdiction. In appeal No. 2, plaintiffs appeal from an order that denied their motion seeking, inter alia, to strike the note of issue or obtain post-note of issue discovery.
With respect to appeal No. 1, we reject plaintiffs' contention that the Button defendants are subject to long-arm jurisdiction in New York. Under CPLR 302 (a) (1), " 'a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state' " (People v Frisco Mktg. of NY LLC, 93 AD3d 1352, 1353 [4th Dept 2012]). "Jurisdiction can attach on the basis of one transaction, even if the defendant never enters the state, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Glazer v Socata, S.A.S., 170 AD3d 1685, 1686 [4th Dept 2019], lv denied 33 NY3d 911 [2019], quoting Fischbarg v Doucet, 9 NY3d 375, 380 [2007] [internal quotation marks omitted]). "Purposeful" activities are "those by which a defendant, through volitional acts, avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws" (id., quoting Fischbarg, 9 NY3d at 380 [internal quotation marks omitted]; see generally Ehrenfeld v Bin Mahfouz, 9 NY3d 501, 508 [2007]). "As the party seeking to assert personal jurisdiction, the plaintiff bears the burden of proof on [that] issue" (Frisco Mktg. of NY LLC, 93 AD3d at 1353 [internal quotation marks omitted]).
Here, plaintiffs failed to show that the Button defendants purposefully availed themselves of the privilege of conducting activities in New York so as to subject them to long-arm jurisdiction pursuant to CPLR 302 (a) (1), inasmuch as the Button defendants "never entered [*2]New York, [were] solicited . . . to perform services outside of New York, . . . performed outside of New York such services as were performed, and [are] alleged [only] to have neglected to perform other services outside of New York" (Mayes v Leipziger, 674 F2d 178, 185 [2d Cir 1982]; see Bloomgarden v Lanza, 143 AD3d 850, 852 [2d Dept 2016]), and the documentary evidence belies the conclusory allegations of plaintiffs' counsel that the Button defendants actively solicited referrals in New York (cf. Fischbarg, 9 NY3d at 377; see generally Eberhardt v G & J Contr., Inc., 188 AD3d 1653, 1654 [4th Dept 2020]; Peters v Peters, 101 AD3d 403, 403-404 [1st Dept 2012]). Even accepting as true the allegations set forth in the complaint and in the opposition to the motion to dismiss, and according plaintiffs the benefit of every favorable inference (see Bloomgarden, 143 AD3d at 851), we conclude that, although plaintiffs signed the Button defendants' retainer agreement in New York and were in New York while on a telephone conference call with defendant Russell Button, who was in Texas at the time, this occurred during the course of the Button defendants' performance of legal services in Texas and because plaintiffs were New York domiciliaries, not because the Button defendants were purposefully engaging in any business activities in New York (see id. at 852; cf. State of New York v Vayu, Inc., 39 NY3d 330, 332-335 [2023]).
Plaintiffs also failed to make a prima facie showing of long-arm jurisdiction over the Button defendants pursuant to CPLR 302 (a) (3), inasmuch as plaintiffs' alleged injuries did not occur within New York but, rather, in Texas, where the Button defendants' alleged legal malpractice occurred (see Bloomgarden, 143 AD3d at 852; see generally Zeidan v Scott's Dev. Co., 173 AD3d 1639, 1640 [4th Dept 2019]).
With respect to appeal No. 2, it is well settled that "[t]he right to appeal from an intermediate order terminates with the entry of a final judgment" (McCann v Gordon, 204 AD3d 1449, 1449 [4th Dept 2022] [internal quotation marks omitted]; see generally Matter of Aho, 39 NY2d 241, 248 [1976]). Because the record of this case in the New York State Courts Electronic Filing System establishes that a final order dismissing the complaint was entered on October 13, 2023, of which we take judicial notice (see McCann, 204 AD3d at 1449), plaintiffs' appeal from the intermediate order on their discovery motion (appeal No. 2) must be dismissed (see McDonough v Transit Rd. Apts., LLC, 164 AD3d 1603, 1603 [4th Dept 2018]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court