Ardent Harmony Fund, Inc. v BDO Trinity Ltd.

2026 NY Slip Op 02090

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ardent Harmony Fund, Inc., etc., appellant,

v

BDO Trinity Ltd., doing business as BDO Trinidad & Tobago, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-06878, (Index No. 616042/19)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Reed Smith LLP, New York, NY (Casey D. Laffey and Pamela L. Schoenberg of counsel), for appellant.

Hinshaw & Culbertson LLP, New York, NY (Matthew C. Ferlazzo and Barry F. MacEntee, pro hac vice, of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for accounting malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered September 15, 2021. The order granted the defendant's renewed motion pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff is a mutual fund domiciled in the Cayman Islands. In 2014 and 2015, the plaintiff engaged the services of nonparty BDO Cayman Ltd. (hereinafter BDO Cayman), also based in the Cayman Islands, to conduct audits of the plaintiff's financial statements for the financial years ending December 31, 2013, and December 31, 2014, respectively. BDO Cayman delegated certain work in connection with those audits to the defendant, BDO Trinity Ltd., doing business as BDO Trinidad & Tobago, a company existing under the laws of Trinidad & Tobago, with its principal place of business in Trinidad & Tobago. In November 2019, the plaintiff commenced this action, inter alia, to recover damages for accounting malpractice, alleging that the defendant was negligent in connection with those audits by failing to uncover an alleged fraud perpetrated by New York-based credit advisors with whom the plaintiff had invested the bulk of its assets.

In February 2020, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the Supreme Court lacked personal jurisdiction over the defendant. In an order dated July 6, 2020, the court denied the defendant's motion with leave to renew upon the completion of jurisdictional discovery. Following jurisdictional discovery, the defendant renewed its motion. In an order entered September 15, 2021, the court granted the defendant's renewed motion pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the court lacked personal jurisdiction over the defendant. The plaintiff appeals.

"The ultimate burden of proving a basis for personal jurisdiction rests with the party asserting jurisdiction" (Fanelli v Latman, 202 AD3d 758, 759). Thus, where a defendant has moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, "the plaintiff [*2]bears the burden of coming forward with sufficient evidence to prove jurisdiction" (Aybar v Aybar, 169 AD3d 137, 142, affd 37 NY3d 274; see Fischbarg v Doucet, 9 NY3d 375, 381 n 5).

"Specific jurisdiction over a defendant is obtained through New York's long-arm statute, CPLR 302" (Fanelli v Latman, 202 AD3d at 759). CPLR 302(a)(1) provides, in relevant part, that "a court may exercise personal jurisdiction over any non-domicillary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." "The CPLR 302(a)(1) jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from those transactions" (Rushaid v Pictet & Cie, 28 NY3d 316, 323).

"When assessing whether there is personal jurisdiction over a defendant pursuant to the 'transacts any business' clause of New York's long-arm statute, courts must ask whether what the defendant did in New York constitutes a sufficient 'transaction' to satisfy the statute" (State of New York v Vayu, Inc., 39 NY3d 330, 332 [internal quotation marks omitted]). "This inquiry requires the court to determine, based on the facts before it, whether the defendant's acts in the state were purposeful, that is, whether they were 'volitional acts by which the non-domiciliary avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" (Greenfader v Chicago Sch. of Professional Psychology, 222 AD3d 845, 847, quoting State of New York v Vayu, Inc., 39 NY3d at 332).

"To satisfy the second prong, the statute requires an 'articulable nexus' or 'substantial relationship' between the cause of action sued upon, or an element thereof, and the defendants' business transactions in New York" (Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d 40, 48, quoting D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298; see Lowy v Chalkable, LLC, 186 AD3d 590, 592). "While this inquiry is relatively permissive, there must be a 'relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former'" (id., quoting Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339; see Rushaid v Pictet & Cie, 28 NY3d at 329). Jurisdiction under CPLR 302(a)(1) "is proper even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Fischbarg v Doucet, 9 NY3d at 380 [internal quotation marks omitted]).

Here, accepting as true the allegations set forth in the complaint and in opposition to the defendant's renewed motion, and according the plaintiff the benefit of every favorable inference (see Nick v Schneider, 150 AD3d 1250, 1251), the plaintiff failed to make a prima facie showing that the defendant was subject to personal jurisdiction in New York (see Law Off. of Cary Scott Goldinger, P.C. v Deluca, 219 AD3d 598, 600; Bloomgarden v Lanza, 143 AD3d 850, 851). The complaint alleged that the plaintiff, a Cayman Island fund, hired a Cayman Islands-based auditor to conduct audits of its financial statements, and that the Cayman Islands auditor delegated certain work to the defendant, which is based in Trinidad & Tobago. Jurisdictional discovery established that all of the defendant's employees are based in Trinidad & Tobago, that all work performed by the defendant in connection with the audits took place in Trinidad & Tobago, and that the defendant's employees never traveled to New York in connection with the audits. The defendant's only connection to New York consisted of phone calls and approximately 60 emails with the New York-based credit advisors with whom the plaintiff's funds were invested. These incidental communications, undertaken by the defendant merely because the credit advisors were domiciled in New York, are insufficient to establish personal jurisdiction over the defendant pursuant to CPLR 302(a)(1) (see Musial v Donohue, 225 AD3d 1164, 1165; Bloomgarden v Lanza, 143 AD3d at 852; CRT Invs., Ltd. v BDO Seidman, LLP, 85 AD3d 470, 471).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court